After she had taught in the public schools of Blount County for three school years, the County Board of Education did not renew Mrs. Foster's contract for a fourth year.
In the Spring of her third year as a teacher in the system, Mrs. Foster became pregnant and filed a request for maternity leave with Standridge, Superintendent of the Blount County Board of Education. The superintendent did not present this request to the Board, but instead recommended to the Board that Mrs. Foster's contract not be renewed. The Board followed that recommendation and her contract was not renewed for a fourth year.
Thereafter, Mrs. Foster brought this action seeking to require the Board of Education to re-employ her. The trial court denied the relief sought, and she brought this appeal.
The written notice to Mrs. Foster, that her contract would not be renewed for the following year, did not state any reason for the Board's decision; nor do the minutes of the Board meeting reflect any reason for that decision. In the trial of this case, it was revealed that the reason for the recommendation made by the superintendent to the Board was excessive absences.
The Alabama Legislature, by enacting the Teacher Tenure Law, has created two classes of teachers in the public schools of this state, those which have a continuing service status (tenured teachers) and those which do not have (probationary or nontenured teachers). The employing boards of education may not summarily terminate a tenured teacher, but may summarily terminate a probationary or nontenured teacher. Title 52, § 351, et seq. See also State v. Board of Education of Fairfield,252 Ala. 254, 40 So.2d 689 (1949).
Mrs. Foster contends that the action of the Board of Education in not re-employing her violates the due process clause of the Fourteenth Amendment to the Constitution of the United States, both substantively and procedurally. She argues that a nontenured public school teacher in Alabama has a liberty interest in her ability to pursue her teaching career, and that she is constitutionally entitled to notice and an opportunity to defend herself before her employment can be terminated, which she says nonrenewal is tantamount to.
Under Alabama law, it is not disputed that a nontenured teacher has no right, statutory or otherwise, to be re-employed. However, the nonrenewal of a teacher's contract may entitle him to procedural due process if the reasons for the nonrenewal stigmatizes him, or injures his prospects for future employment. It is also conceded that the Alabama statutes do not require the boards of education to state reasons for the nonrenewal of a nontenured teacher's contract of employment. Of course, the failure to renew one's contract cannot be predicated on the exercise by that person of his constitutional rights. Perry v. Sindermann, 408 U.S. 593,92 S.Ct. 2694, 33 L.Ed.2d 570 (1972).
The Supreme Court of the United States held in Board ofRegents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2071,33 L.Ed.2d 548 (1972), that the Constitution does not require an opportunity for a hearing before the renewal of a nontenured teacher's contract, unless the teacher can show that the decision not to renew deprived him of an interest in "liberty" or that he had a "property" interest in continued employment.
In the instant case, Mrs. Foster has failed to prove any facts which would bring her within the protective shield ofSindermann or Roth. The record shows only that she requested a maternity leave; that this request was not passed on to the board of education, but that instead the superintendent of education recommended that the employment contract of Mrs. Foster, a nontenured teacher, not be renewed. The Board *Page 753 
unanimously agreed that her contract would not be renewed. No reason was assigned, and no reason was stated in the statutory notice which was sent to her, informing her that her contract would not be renewed. The reason given at the trial of this case was excessive absences. Mrs. Foster did not testify and, therefore, did not refute the charge of excessive absences.
In Irby v. McGowan, 380 F. Supp. 1024 (D.C. 1974), a nontenured teacher's contract was not renewed. The minutes of the board meeting stated that she had been dismissed as non-cooperative. The teacher sued the board of education, contending that its actions deprived her of constitutional rights. Judge Pittman said:
 "Since the plaintiff was in a nontenured status when her contract was not renewed, she must prove facts bringing her within the scope of Board of Regents v. Roth . . . and Perry v. Sindermann . . . in order to be entitled to relief. That is, she must prove that she was deprived of either `liberty or property' to be entitled to procedural due process (Roth), or she must prove that her non-renewal was predicated on her exercise of First and Fourteenth Amendment rights (Sindermann).
 "The plaintiff was in no way deprived of an interest in `liberty' thereby entitling her to a due process hearing. `Dismissed — Non-cooperative' is not within the purview of Board of Regents v. Roth, supra:
 "The State, in declining to rehire the respondent, did not make any charge against him that might seriously damage his standing and associations in his community. It did not base the nonrenewal of his contract on a charge, for example, that he had been guilty of dishonesty, or immorality. Had it done so, this would be a different case. For `[w]here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential.'
* * * * * *
 "Similarly, there is no suggestion that the State, in declining to re-employ the respondent, imposed on him a stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities. . . .
 "Certainly this language indicates that such remarks must be of sufficiently serious import that further employment is seriously jeopardized. In order to recover the plaintiff must show that this entry of `Non-cooperative' damaged her good name, reputation, honor or integrity in such a way that her standing and associations in her community were seriously impaired, or that this charge imposed a `stigma' or other disability on her which foreclosed her freedom to take advantage of other employment opportunities. The entry in the minutes that a person is non-cooperative does not taint her good name, reputation, honor, or integrity. . . ." (380 F. Supp. at 1028, 1029)
In the instant case, no entry was made in the minutes of the board meeting to indicate why the teacher's contract was not being renewed. She has failed to meet the standard set out in the case quoted above. She, like Irby, may have had a unilateral expectation of re-employment, but she has failed to show that she had a claim or entitlement to it. Therefore, she has failed to prove that any property right has been infringed. The record is likewise devoid of any evidence that her employment was terminated because she was exercising some right guaranteed by the Constitution.
Although the argument is appealing that fairness seems to dictate that a nontenured teacher should be informed of the reason for the nonrenewal of her contract and that she should be given an opportunity to be heard, the statutes in Alabama do not require that a reason be stated and do not require a hearing. A majority of the Supreme Court of the United States has held that the Constitution does not require either unless the terminated teacher can meet the standards set out above. Inasmuch as *Page 754 
the teacher in this case has failed to do that, the judgment of the trial court must be affirmed.
AFFIRMED.
MADDOX, FAULKNER and BEATTY, JJ., and CATES, Presiding Judge of the Court of Criminal Appeals, sitting by designation of the Chief Justice, concur.