Patricia K. King sued the Jefferson County Board of Education ("the Board"), alleging breach of contract in regard to the Board's decision not to continue her employment as a teacher when her three-year probationary term expired. The question here is whether the Board, by adopting an evaluation policy for teachers, thereby created a right of employment for nontenured teachers who received favorable evaluations under the policy. We answer the question in the negative, and affirm the trial court's summary judgment in favor of the Board.
King's argument embraces Belcher v. Jefferson County Bd. ofEduc., 474 So.2d 1063 (Ala. 1985). The plaintiffs in Belcher
sued the Board for breach of contract, alleging specific instances of noncompliance with the evaluation policy itself. In reversing the trial court's order granting the Board's motion to dismiss, our supreme court held "that the appellants have alleged a breach of contract claim upon which relief could be granted, on the basis of the Board of Education's adoption of an evaluation policy, and alleged subsequent non-compliancewith that policy." 474 So.2d at 1068 (emphasis added). King does not allege that the Board failed to comply with its evaluation policy, but argues instead that favorable evaluations and recommendations for retention entitled her to continued employment by the Board.
The policy in question, School Board Policy No. 533.6, "Certificated Employee Assessments and Evaluations," provides that "[i]n a manner prescribed by written procedures, all nontenure teachers shall be assessed each fall and evaluated in the spring according to the information accumulated through the assessments." The policy then specifically addresses the evaluation and possible transfer of tenured teachers, as well as the procedure to be employed in the case of tenured teachers evaluated as less than satisfactory and not recommended for retention. No such specific references are made for the treatment of nontenured teachers; thus, the written policy itself cannot be cited as establishing any property right to continued employment for a nontenured teacher. Belcher
recognized a contract cause of action against the Board for its failure to adhere to the procedures within the policy; however, it did not interpret the policy as requiring the Board to employ a nontenured teacher, even one who had received a favorable evaluation. To the contrary, Belcher acknowledged that nontenured teachers may be reemployed or terminated at the discretion of the Board, citing Foster v. Blount County Bd. ofEduc., 340 So.2d 751 (Ala. 1976), which held that nontenured teachers may be summarily terminated. 474 So.2d at 1066-67. See also the statutory scheme concerning the authority of county superintendents and county boards of education to appoint and dismiss all teachers. §§ 16-8-23, 16-9-23, 16-24-12, Ala. Code 1975.
We hold, therefore, that the application of the Board's evaluation policy did not create a right to reemployment by a nontenured teacher.
Let the judgment be affirmed.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active *Page 688 
duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
AFFIRMED.
All the Judges concur.