[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-16561
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 26, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00825-CV-T-N

ANGELA R. GILDER-LUCAS,

Plaintiff-Appellant,

versus

ELMORE COUNTY BOARD OF EDUCATION,
ELMORE COUNTY SCHOOL BOARD,
BRUCE FULMER, in his individual
and official capacity as
Superintendent of Education,
CAROL MCGALLIARD, in her individual
and official capacity as Assistant
Superintendent of Education,
JAMES MYERS, in his individual and
official capacity as Assistant
Superintendent of Education, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(June 26, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Angela Gilder-Lucas appeals the grant of summary judgment against her claims under the First and Fourteenth Amendments of the United States Constitution. Gilder-Lucas was a nontenured public high school science teacher and junior varsity cheerleader sponsor who alleges that her contract was not renewed because she raised concerns about the fairness of cheerleader tryouts in response to an inquiry by the principal at the school. We apply Garcetti v. Ceballos, No. 04-473 (U.S. May 30, 2006), and conclude that Gilder-Lucas's speech was not protected by the First Amendment because she spoke "pursuant to [her] official duties," id. at 9. We also conclude that Gilder-Lucas had no protectable property interest under the Fourteenth Amendment because she was not entitled to re-employment under state law. We affirm.

## I. BACKGROUND

The Elmore County Board of Education hired Angela Gilder-Lucas as a nontenured science teacher at Stanhope Elmore High School in January 2003. Gilder-Lucas also was a junior varsity cheerleading sponsor. Two parents complained about unfairness in the cheerleader tryouts that were held in March 2004. The school principal, Louie Fryer, conducted an investigation into those

2

complaints and asked Gilder-Lucas to complete a questionnaire that included several questions about the tryouts. On April 19, 2004, Gilder-Lucas responded to the questionnaire and raised several concerns about the tryouts. On May 12, 2004, Fryer told Gilder-Lucas he would not renew her contract. Fryer offered to permit Gilder-Lucas to resign, but Gilder-Lucas did not resign and her contract was not renewed.

Gilder-Lucas filed a complaint that alleged she was fired because she expressed concerns about the cheerleader tryouts. The district court granted summary judgment against Gilder-Lucas's claims under the First and Fourteenth Amendments because it concluded that Gilder-Lucas's "response to Fryer's [questionnaire] did not address issues of public concern" and "is rightly considered speech made primarily in her role as an employee that does not trigger First Amendment protection." The district court also concluded that Gilder-Lucas did not have a cognizable property interest because nontenured teachers are not entitled to re-employment under the laws of Alabama.

## II. STANDARD OF REVIEW

"This court reviews the district court's grant of summary judgment de novo, applying the same legal standard that the district court employed in the first instance." Yang v. Gov't Employees Ins. Co., 146 F.3d 1320, 1322 (11th Cir.

3

1998). "[A] moving party is entitled to summary judgment 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993) (quoting Fed. R. Civ. P. 56(c)). "When reviewing a grant of summary judgment, the court of appeals may affirm if there exists any adequate ground for doing so, regardless of whether it is the one on which the district court relied." Id. at 1117.

### III. DISCUSSION

Gilder-Lucas argues that her speech was protected under the First Amendment because it concerned the educational quality of the school and did not further her private interests. Gilder-Lucas also argues that she was denied her right of free speech without due process and had a property interest in re-employment. We discuss each issue in turn.

First, Gilder-Lucas's response to Fryer's questionnaire is not protected by the First Amendment. "A state may not demote or discharge a public employee in retaliation for [] speech" protected by the First Amendment, Morgan v. Ford, 6 F.3d 750, 754 (11th Cir. 1993), but the Supreme Court has explained that a public employee who does not speak as a citizen on a matter of public concern "has no

4

First Amendment cause of action based on his or her employer's reaction to the speech," Ceballos, No. 04-473, slip op. 1, at 6. "[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." Id. at 9. Because the record reveals no genuine question about whether Gilder-Lucas responded to Fryer's questionnaire pursuant to her duty as a junior varsity cheerleader sponsor rather than as a citizen, the district court correctly granted summary judgment against Gilder-Lucas's claim under the First Amendment.

Second, the school board did not violate Gilder-Lucas's right of due process when it did not renew her contract. "The Fourteenth Amendment protects against the government's deprivation of liberty or property without procedural due process." Warren v. Crawford, 927 F.2d 559, 562 (11th Cir. 1991). "State law determines whether a public employee has a property interest in his or her job." Id. "Under Alabama law . . . [,] a nontenured teacher has no right, statutory or otherwise, to be re-employed." Foster v. Blount County Bd. of Educ., 340 So. 2d 751, 752 (Ala. 1976). Because Gilder-Lucas was a nontenured teacher and the record reveals no other basis of entitlement to re-employment, e.g., Perry v. Sindermann, 408 U.S. 593, 601, 92 S. Ct. 2694, 2699 (1972) (stating that

5

"mutually explicit understandings" can "support [a] claim of entitlement to the benefit" for the purpose of due process), the district court correctly granted summary judgment against Gilder-Lucas's claims under the Fourteenth Amendment.

## IV. CONCLUSION

Gilder-Lucas's arguments fail.

**AFFIRMED.**