REL: 09/30/2014

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2014

_____

### 1121301

_____

**Madeline Nelson et al.**

**v.**

**Ken Megginson et al.**

**Appeal from Mobile Circuit Court**
**(CV-12-901475)**

MURDOCK, Justice.

Madeline Nelson and 25 other individuals formerly employed as nontenured teachers or probationary classified employees in the Mobile County Public School System ("the school system") appeal from the dismissal by the Mobile

1121301

Circuit Court of their action against the members of the Board of School Commissioners of Mobile County -- Ken Megginson, Judy P. Stout, Reginald A. Crenshaw, Levon C. Manzie, and William Foster -- and against the superintendent of the school system, Martha Peek.  We reverse and remand.

## I.  Facts and Procedural History

The plaintiffs were nontenured teachers or probationary classified employees in the school system who were terminated/nonrenewed from employment at the end of the 2007-2008 school year.  In 2009, the plaintiffs filed an action against the Board of School Commissioners of Mobile County ("the Board").  That action was voluntarily dismissed without prejudice three years later in light of this Court's decision in Board of School Commissioners of Mobile County v. Weaver, 99 So. 3d 1210 (Ala. 2012).  In Weaver, this Court concluded that in order for plaintiffs such as those in this case to receive the relief they have requested, they must name as defendants the individual members of the respective school board in their representative or official capacities rather than naming as a defendant the school board itself "because the Board is an agency of the State of Alabama [and] it is

2

1121301

entitled to absolute immunity under § 14 [of the Alabama Constitution]." 99 So. 3d at 1217.

On July 13, 2012, the plaintiffs refiled their action in Mobile Circuit Court, naming as defendants the members of the Board and the superintendent of the school system. In their complaint, the plaintiffs alleged that their employment was terminated "pursuant to a reduction-in-force implemented by Defendants in response to alleged financial constraints." The plaintiffs further alleged that the failure to rehire them by the conclusion of the following school year was a violation of a written policy of the school system.

Section 16-1-33(b), Ala. Code 1975, provides that "[e]ach board shall adopt a written reduction-in-force policy consistent with Section 16-1-30[, Ala. Code 1975]. The policy shall include, but shall not be limited to, layoffs, recalls, and notifications of layoffs and recalls. The reduction-in-force policy of the board shall be based on objective criteria." Section 16-1-33 defines a "layoff" as "[a]n unavoidable reduction in the work force beyond normal attrition due to decreased student enrollment or shortage of revenues." § 16-1-33(a)(3), Ala. Code 1975.

3

1121301

Section 16-1-30, Ala. Code 1975, which is referenced in § 16-1-33(b), provides, in part:

> "(b) The local board of education shall, upon the written recommendation of the chief executive officer, determine and establish a written educational policy for the board of education and its employees and shall prescribe rules and regulations for the conduct and management of the schools. Before adopting the written policies, the board shall, directly or indirectly through the chief executive officer, consult with the applicable local employees' professional organization. Input by the applicable professional organization shall be made in writing to the chief executive officer. ... The written policies, rules, and regulations, so established, adopted, or promulgated shall be made available to all persons affected and employed by the board. Any amendments to the policies, rules, and regulations shall be developed in the same manner and furnished to the affected persons employed by the board within 20 days after adoption."

In December 2007, the Board adopted a policy pertaining to reduction-in-force procedures: School Board Policy No. 6.44 ("the policy"). The policy provides, in relevant part:

> "A reduction in force may take place when the board determines that a financial exigency, program change, serious natural disaster or other legitimate business reason requires the reduction of personnel through contract termination and approves acting under this policy. Such a determination constitutes the necessary cause for dismissal.
>
> "....

4

1121301

"Irrespective of a reduction in force, if a non-tenured or probationary employee is non-renewed in accordance with state law, this policy does not apply to those individuals and in such circumstances, there will be no right to recall pursuant to this policy. This policy applies to non-tenured and probationary employees only to the extent that the individual would have been rehired by the school the following year but for the reduction in force. Otherwise, non-tenured and probationary employees are not granted any retention or recall rights by this policy except as provided under state law. Unless there are no qualified tenured or non-probationary employees for a particular position, non-tenured and probationary employees will be reassigned or terminated before any tenured or non-probationary employee.

"Certified Employees

"....

"2. Non-Tenured Employees

"Again, this policy in no way gives non-tenured employees a contractual right to employment. The state law right to non-renew remains with the board in all respects. However, if a reduction in force is declared by the board and the principal of a particular school designates a non-tenured employee as an individual that would have been rehired but for the reduction in force, that employee shall have a one time recall right to a position for which he or she is certified and legally qualified for one calendar year from the effective date of his or her termination or demotion that resulted only because of a reduction in force IF there is no tenured employee legally qualified based on state certification and federal highly qualified standards to teach in the position wherein an employee is to be recalled. ...

5

"....

"Support Employees

"....

"2. Probationary Employees

    "Again, this policy in no way gives probationary employees a contractual right to employment.  The state law right to non-renew remains with the board in all respects.  However, if a reduction in force is declared by the board and the principal of a particular school designates a probationary employee as an individual that would have been rehired but for the reduction in force, that employee shall have a one time recall right to a position for which he or she is certified and legally qualified for one calendar year from the effective date of his or her termination or demotion that resulted only because of a reduction in force IF there is no non-probationary employee qualified with the appropriate experience and education for the position wherein an employee is to be recalled."

(Capitalization in original; emphasis added.)

In their complaint, the plaintiffs alleged:

"Each of the Plaintiffs had a right to have been recalled to employment with the School System during the current year because the Defendants retained, and/or hired new for the current school year, teacher and non-teacher employees for positions which should have been offered to the Plaintiffs under Alabama Code § 16-1-33 and the specific criteria of [the policy].

"13.  Defendants had a non-discretionary, mandatory duty to provide the Plaintiffs with the rights and benefits conferred by Alabama Code § 16-1-33 and

6

[the policy]. They failed to do so with the result that the Plaintiffs were denied their rights to re-employment under said policy."

The plaintiffs attached a copy of the policy to their complaint, which stated three counts against the defendants. In "Count One," the plaintiffs sought a judgment declaring that the defendants "failed and refused to accord the Plaintiffs the rights and benefits to which they were entitled under [the policy]." They also sought an injunction "requiring the Defendants to offer each of the Plaintiffs the next position for which they qualify under the standards of [the policy]." In "Count Two," which was titled "Make Whole Relief," the plaintiffs sought permanent injunctive relief "requiring Defendants to provide the Plaintiffs the full benefits of said statute and policy, including reinstatement into the positions in which they had re-employment rights with backpay, interest and restoration of progress toward tenure or non-probationary status." "Count Three" was expressly labeled a "Contract Claim" and stated: "Plaintiffs had a contract right to the benefit of Alabama Code [1975,] § 16-1-33[,] and Defendants' ... Policy 6.44, under which they were due to have been re-employed during the 2008-09 school year."

7

On September 7, 2012, the defendants filed a motion to dismiss the plaintiffs' complaint based on the affirmative defense of the expiration of the statute of limitations. The plaintiffs filed a response in opposition to the motion on October 29, 2012. The circuit court held a hearing on the motion on November 30, 2102.

On July 11, 2012, the circuit court entered an order granting the defendants' motion to dismiss the complaint. The order provided, in pertinent part:

> "All of the Plaintiffs herein were non-renewed from their employment at the end of the 2007-2008 school year. Even if they had a right of recall under the Board's Reduction-in-Force Policy the Plaintiffs' causes of action would have accrued, at the very latest, no more than one calendar year from the end of the 2007-2008 school year. That would have been at the end of May 2009 or the beginning of June 2009. This civil action was not brought until July 13, 2012, over three (3) years from the last date of the possible accrual of the Plaintiffs' cause of action.
>
> "This Court concludes that all of the Plaintiffs' claims herein fall under either § 6-2-38(l) or § 6-2-38(m) of the 1975 Code of Alabama. Under § 6-2-38(l) all actions for injury to the person or rights of another not arising from contract and not specifically enumerated must be brought within two (2) years. Under § 6-2-38(m) all actions for the recovery of wages, overtime, damages, fees, or penalties accruing under laws respecting the payment of wages, overtime, damages,

8

fees and penalties must be brought within two (2) years.

"The essence of the Plaintiffs' argument in opposition to the Defendants' motion to dismiss is that their claims are in contract. The Court rejects that contention. The specific language of [the policy] attached to the Plaintiffs' complaint specifically disclaims any contractual rights for non-tenured employees and probationary employees, such as the classified Plaintiffs herein. The [policy] echoes the long established law that probationary employees have no contractual rights to continued employment, Lawrence v. Birmingham Board of Education, 669 So. 2d 910 (Ala. Civ. App 1995), rehearing denied.

"The case of McCord-Baugh v. Birmingham City Board of Education, 894 So. 2d 672 (Ala. Civ. App. 2002), held that simply because a Board's policy and procedure was involved does not automatically mean that a contract claim is alleged. The Court of Civil Appeals there held that a contract claim arises only under appropriate circumstances. The Court concludes that such circumstances are not present herein due to the fact that these Plaintiffs are either non-tenured teachers or probationary employees and the specific words of [the policy] do not provide them with any contractual rights whatsoever. ... Furthermore, these Plaintiffs have also not alleged any offer, acceptance or consideration necessary to articulate a contractual claim against any of these Defendants. Steiger v. Huntsville City Board of Education, 653 So. 2d 975, 978 (Ala. 1995).

"This action was brought more than three (3) years from the date of accrual. All of the Plaintiffs' claims for mandamus, declaratory or injunctive relief would be barred by the two (2) year statute of limitations set out in § 6-2-38(l). Finally, any of the Plaintiffs' claims for backpay

or other monetary relief would be barred by the same two (2) [year] statute of limitations under § 6-2-38(m)."[1]

The plaintiffs filed a timely notice of appeal of the circuit court's decision on August 7, 2013.

## II.  Standard of Review

"In Nance v. Matthews, 622 So. 2d 297, 299 (Ala. 1993), this Court set forth the standard of review applicable to an order granting a motion to dismiss:

> "'The appropriate standard of review under Rule 12(b)(6)[, Ala. R. Civ. P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle her to relief. Raley v. Citibanc of Alabama/Andalusia, 474 So. 2d 640, 641 (Ala. 1985); Hill v. Falletta, 589 So. 2d 746 (Ala. Civ. App. 1991). In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether she may possibly prevail. Fontenot v. Bramlett, 470 So. 2d 669, 671 (Ala. 1985); Rice v. United Ins. Co. of America, 465 So. 2d 1100, 1101 (Ala. 1984). We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove

---

[1]Because the policy was attached to the complaint and the parties did not dispute its authenticity or content, the fact that the circuit court considered the policy does not require the conversion of the defendants' motion to dismiss into a motion for a summary judgment under Rule 12(c), Ala. R. Civ. P.  See, e.g., Carpenter v. Mobile Cnty., 841 So. 2d 1237, 1239 (Ala. 2002).

10

> no set of facts in support of the claim that would entitle the plaintiff to relief.'"

Beckerle v. Moore, 909 So. 2d 185, 186-87 (Ala. 2005).

### III. Analysis

The plaintiffs primarily contend that the circuit court erred in concluding that their claims were barred by the applicable statute of limitations because, they say, they stated a breach-of-contract claim, which has a six-year statute of limitations. See § 6-2-34(9), Ala. Code 1975. "This six-year period begins to run when the contract is breached." AC, Inc. v. Baker, 622 So. 2d 331, 333 (Ala. 1993). As the trial court correctly observed, the breach alleged here occurred, at the latest, at the conclusion of the 2008-09 school year, in May 2009. The plaintiffs filed this action in July 2012, within the six-year limitations period for a contract action.

The plaintiffs note that under this Court's precedent a school-board policy can be the basis of a contract. The Court of Civil Appeals, in Davis v. J.F. Drake State Technical College, 854 So. 2d 1151, 1158 (Ala. Civ. App. 2002),

summarized this Court's holding in <u>Belcher v. Jefferson County Board of Education</u>, 474 So. 2d 1063 (Ala. 1985), as follows:

> "In <u>Belcher</u>, two nontenured teachers contended that the county board of education had failed to evaluate them as required by the evaluation policy it had adopted. In that case, the board had adopted a specific written policy governing the evaluations of teachers. 474 So. 2d at 1066. The teachers asserted breach-of-contract claims based on the board's failure to follow its evaluation policy. The trial court dismissed the teachers' breach-of-contract claims, concluding that the teachers had failed to state a claim upon which relief could be granted. <u>See</u> Rule 12(b)(6), Ala. R. Civ. P. Our supreme court reversed the dismissal of the teachers' breach-of-contract claims, holding that 'the Board of Education did not legally have to follow any particular evaluation policy absent its own self-imposed procedures. Having adopted a policy, however, the Board is bound to follow it.' <u>Belcher</u>, 474 So. 2d at 1068."

Specifically, the <u>Belcher</u> Court held that "the appellants have alleged a breach of contract claim upon which relief could be granted, on the basis of the Board of Education's adoption of an evaluation policy, and alleged subsequent non-compliance with that policy." <u>Belcher</u>, 474 So. 2d at 1068.

The plaintiffs argue that their action represents a straightforward application of the principle established in <u>Belcher</u>. As this Court subsequently has stated: "A board of education must comply with the policies it adopts." <u>Ex parte</u>

12

Board of Sch. Comm'rs of Mobile Cnty., 824 So. 2d 759, 761 (Ala. 2001). The plaintiffs contend that the defendants violated the plaintiffs' right to recall provided in the policy and that this violation constituted a breach of contract.

The defendants counter that not every policy of a school board creates a contract with school-system employees. They note that the Court of Civil Appeals has stated that "a public-school board's adoption of policies and procedures known to and relied upon by an employee may, under appropriate facts, give rise to implied contractual terms of employment between the school board and the employee." McCord-Baugh v. Birmingham City Bd. of Educ., 894 So. 2d 672, 677 (Ala. Civ. App. 2002), rev'd in part on other grounds, 894 So. 2d 679 (Ala. 2004). The defendants contend in their appellate brief that the "appropriate facts" "are not present herein due to the fact that these Plaintiffs are either non-tenured teachers or probationary employees and the specific words of [the policy] do not provide them with any contractual rights whatsoever." Specifically, the defendants refer to the fact that the policy expressly states that "this policy in no way

13

gives non-tenured employees a contractual right to employment" and that "[t]he state-law right to non-renew remains with the board in all respects." Likewise, the policy states that "this policy in no way gives probationary employees a contractual right to employment." The circuit court adopted this argument in its order dismissing the complaint.

The defendants' argument ignores, however, the language of the policy that follows these seemingly categorical statements. In the portion of the policy that concerns non-tenured employees, immediately following the reference to "[t]he state law right to non-renew" remaining with the Board, the policy provides:

> "However, if a reduction in force is declared by the board and the principal of a particular school designates a non-tenured employee as an individual that would have been rehired but for the reduction in force, that employee shall have a one time recall right to a position for which he or she is certified and legally qualified for one calendar year from the effective date of his or her termination ...."

Likewise, in the portion of the policy that concerns probationary employees, immediately following the reference to "[t]he state law right to non-renew" remaining with the Board, the policy provides:

14

"However, if a reduction in force is declared by the board and the principal of a particular school designates a probationary employee as an individual that would have been rehired but for the reduction in force, that employee shall have a one time recall right to a position for which he or she is certified and legally qualified for one calendar year from the effective date of his or her termination ...."

We see no way to read the above-quoted language in the policy concerning nontenured and probationary employees other than as an exception to the general statement that the policy does not give such employees a contractual right to employment.[2] The exception arises when a reduction in force is declared and the principal of a particular school designates a nontenured employee or a probationary employee as an individual who would have been rehired but for the reduction in force. Under those conditions, a nontenured or

---

[2]The exception is confirmed by language in the policy that precedes the subsections addressing different types of school-system employees:

"This policy applies to non-tenured and probationary employees only to the extent that the individual would have been rehired by the school the following year but for the reduction in force. Otherwise, non-tenured and probationary employees are not granted any retention or recall rights by this policy except as provided under state law."

(Emphasis added.)

probationary employee possesses a "one time recall right ... for one calendar year from the effective date of his or her termination."

The defendants are correct that the general rule is that "[n]on-tenured teachers may be reemployed or terminated at the discretion of the board of education." Belcher, 474 So. 2d at 1066. As the Belcher Court noted in discussing the facts of that case, however -- a case in which the plaintiffs were non-tenured and probationary employees -- "the Board of Education did not legally have to follow any particular evaluation policy absent its own self-imposed procedures. Having adopted a policy, however, the Board is bound to follow it." 474 So. 2d at 1068. The same would be true in this case should the plaintiffs' allegations be proved: the Board did not have to provide any contractual right to nontenured and probationary employees in its reduction-in-force policy, but having done so, it is bound by the policy.

The defendants in their appellate brief essentially concede that language in the policy provides a recall right for nontenured and probationary employees when they state that

> "[o]nly in the highly contingent situation when a Reduction-in-Force is declared by the Board, and the

16

1121301

Principal of a particular school designates either a non-tenured teacher or a probationary classified employee as an individual who would have been rehired but for the Reduction-in-Force, could the Plaintiffs even state a right to recall under that policy."

The defendants argue, however, that

"[n]owhere in the Plaintiffs' complaint do they contend that the Principal of any of the schools where these individuals were employed ever designated them as one who would have been rehired but for the Reduction-in-Force. The Plaintiffs' failure to allege that a Principal designated them as one who would have been rehired but for the Reduction-in-Force prevents them from even stating a contractual claim."

It is true that the plaintiffs in their complaint did not specifically allege that the principals at the schools where they were employed designated them as individuals who would have been rehired but for the reduction in force. The complaint does allege, however, that the "[p]laintiffs were entitled to the benefit of [the policy]" and that

"[e]ach of the Plaintiffs had a right to have been recalled to employment with the School System during the current year because the Defendants retained, and/or hired new for the current school year, teacher and non-teacher employees for positions which should have been offered to the Plaintiffs under Alabama Code § 16-1-33 and the specific criteria of [the policy]."

17

1121301

Thus, the plaintiffs in their complaint generally claimed that the policy provided a recall right to which they were entitled. Of course, in order to prevail on such a claim, the plaintiffs will face the burden of proving that they met the conditions necessary to qualify for the recall right. As we noted in the "Standard of Review," in evaluating a motion to dismiss, a court views the allegations of the complaint most strongly in the pleader's favor and such a motion should be granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. It is conceivable that the plaintiffs could prove a set of facts under which they had a contractual right the defendants violated and for which they are entitled to substantive relief.[3]

---

[3]We are not presented here with an issue whether the "one-calendar year" referenced in the policy and the "current year" referenced in the above-quoted passage of the complaint are one and the same. Our holding today is limited to the notion that the specific language of the policy created a contract between the parties and that the claims asserted by the plaintiffs based on that contract are not barred on their face by a statute-of-limitations defense; we do not have before us any other issue as to the proper construction of the terms of the contract or any other potential defenses thereto. Nor should this opinion be construed as expressing any view as to the availability of any particular form of relief as requested in the complaint.

1121301

Aside from the deference we must accord to the allegations in the complaint, the defendants' argument actually addresses potential weaknesses in the plaintiffs' ability to prove their allegations, not whether their claim is barred by the applicable statute of limitations. The defendants acknowledged in their motion to dismiss the complaint that "[t]he Defendants contend that the right of recall does not apply to non-tenured and probationary employees like the Plaintiffs herein. However, that fact is not relevant for the disposition of this motion." In their appellate brief, they reiterate that

> "[t]he Defendants' assertion that the right of recall does not apply to non-tenured and probationary employees is not necessary to decide the statute of limitations issue in this case. To determine whether the statute of limitations defeats these Plaintiffs' claims it is assumed the policy applies to all of the Plaintiffs for that narrow purpose alone."

Despite the above-quoted statements, the defendants proceed to argue that certain facts preclude the application of the policy to the plaintiffs. The defendants question whether the plaintiffs can demonstrate that the policy should

19

have been applied throughout the school system[4] and, if so, whether principals at the plaintiffs' respective schools designated the plaintiffs as employees who would have been rehired except for the reduction in force. Whether the plaintiffs ultimately are able to prove those facts requires factual development that is not before the court on a motion to dismiss based on the applicability of the statute of limitations.

The relevant issue here is whether, construing the allegations in a light most favorable to the plaintiffs, as we must, the complaint states a claim of breach of contract subject to a six-year statute of limitations rather than the two-year limitations period the circuit court applied to the plaintiffs' complaint. As we have already stated, based on the language in the policy and under the principle enunciated in Belcher, the plaintiffs have stated a breach-of-contract claim. Whether the plaintiffs can prove that claim is a matter to be adjudicated by the circuit court.

---

[4]According to the defendants in their brief, "[t]he Reduction-in-Force was only declared for Central Office employees, not individuals employed in schools like these Plaintiffs." Whether this is true, and the ramifications for the plaintiffs' claims if it is, are questions not before us.

## IV. Conclusion

We conclude that the plaintiffs stated a claim of breach of contract and that therefore their claim was subject to a six-year, rather than a two-year, statute of limitations. Because the plaintiffs filed their action within the applicable six-year limitations period for a contractual claim, the circuit court erred in dismissing that claim based on a statute-of-limitations defense. Accordingly, the circuit court's dismissal of the plaintiffs' action is reversed, and the cause is remanded for the continuation of the proceedings in the circuit court.

REVERSED AND REMANDED.

Moore, C.J., and Stuart, Parker, Shaw, and Main, JJ., concur.

Bolin, Wise, and Bryan, JJ., dissent.