WRIGHT, Presiding Judge.
This is a teacher tenure case.
Franklin Hammond was a teacher with continuing service status (tenure) in the DeKalb County school system. In January 1979 the County Board of Education of DeKalb County initiated cancellation proceedings against the teacher, charging him with insubordination and neglect of duty. The Board notified the teacher and a hearing was begun pursuant to § 16-24-9, Code of Alabama (1975). Nineteen witnesses testified at this hearing and evidence resulting in a record of over 330 pages was produced.
After the hearing the Board, voting upon each charge, found Hammond guilty. A motion was made thereafter to cancel the teacher’s contract. The motion failed for lack of a second. Another motion was made to suspend the teacher for the remainder of the 1978-1979 school year without pay but to reinstate him the next year as a non-tenured or “probationary teacher.” This motion passed by a vote of three to two and was entered as the decision of the Board.
The teacher appealed to the Alabama State Tenure Commission. After hearing, the Tenure Commission reversed the Board and reinstated the teacher, holding the Board’s action “in violation of the teacher tenure law governing the cancellation procedure for a tenured teacher.” The Board failed to comply with the Tenure Commission’s order. The teacher petitioned the Circuit Court of DeKalb County for writ of mandamus, to recover unpaid salary and to be reinstated as a tenured teacher. Three weeks later the Board filed a separate suit for writ of mandamus against the Tenure Commission. The two cases were consolidated for trial.
The circuit court denied the teacher’s petition, ruling in favor of the Board and reversing the Tenure Commission. The teacher and Tenure Commission appealed to this court.
The briefs of the parties present several issues for our determination on appeal. Viewing the record before us we find it inadvisable and unnecessary to decide the first issue presented, that is, whether the Board’s petition for writ of mandamus, coming eighty-nine days after the date of the Tenure Commission’s order, is untimely. The appellants cite the recent case of Alabama State Tenure Commission v. Board of School Commissioners of Mobile County, 378 So.2d 1142 (Ala.Civ.App.1979), where this court held that an unexplained delay of ninety-two days is unreasonable and barred the Board’s mandamus proceeding for lach-es. We are asked to hold that the delay of the Board in seeking review of the order of the Tenure Commission for eighty-nine days is also untimely and barred by laches. We consider it unnecessary to decide that issue in this case. We must reverse the judgment of the circuit court and re-instate the order of the Tenure Commission on other grounds.
We consider the second issue to be more determinative of the rights of the parties to this appeal. That is, did the Board act in violation of the teacher tenure law by voting to suspend the teacher without pay for the remainder of the school year and to reinstate him as a “probationary teacher” at the beginning of the next year?
There is no dispute that the teacher suspended was a tenured teacher. As such, any act affecting the continuing service status of the teacher would have to comply with § 16-24-1, et seq., Code of Alabama (1975), our teacher tenure law. Section 16-24-3 provides in applicable part:
The contract of employment of any teacher who shall attain continuing service status shall remain in full force and effect unless superseded by a new contract, signed by both parties, or cancelled as provided in section 16-24r-9 or 16-24-10; .... (Emphasis ours)
This section means exactly what it says. The only two actions that may properly be taken with regard to the contract of *27 a tenured teacher are to supersede or cancel such contract. The only suspension provided under the teacher tenure law is a suspension by the superintendent pending a hearing on a proposed cancellation. § 16-24-9. Certain it is that there can be no removal of continuing service status (tenure) other than by cancellation under the statute.
To state the proposition succinctly, tenure once obtained will remain, unless charges by the board are properly brought and sustained. There is no basis in the tenure law for discussion to the contrary. The legislative intent of the tenure law is to establish two classes of teachers, those that have earned continuing service status and are thereafter protected by procedural and due process safeguards and those that are probationary and not so protected. Foster v. Blount County Board of Education, 340 So.2d 751 (Ala.1976). Those procedural safeguards of the statute were not complied with in this case.
The Board argues that as the teacher was only suspended, no right of appeal to the Tenure Commission accrued. If such were the case, the Board could suspend all tenured teachers after cancellation hearing without cancelling their contracts and avoid the appeals process provided by § 16-24-10. Such, of course, may not be permitted, provisions for suspension in statutes other than the tenure act notwithstanding. The hearing which resulted in the teacher’s suspension was begun and conducted as a cancellation proceeding under the tenure law. Appeal to the Tenure Commission was proper from the judgment of that proceeding.
Finally, the circuit court found that the Tenure Commission did not specifically set forth the procedural violation committed by the Board. The court seems to attach much significance to the fact that the Tenure Commission did not find the Board’s action “arbitrarily unjust.” However, “arbitrarily unjust” action by the Board is only one ground for reversal by the Tenure Commission. The other ground for reversing the board is where its action is not “in compliance with this chapter.” § 16-24-10. The Tenure Commission found, and properly so, that the action of the Board was not in compliance with the teacher tenure law because of a violation of the cancellation procedure set out in § 16-24-9. The case of Marshall County Board of Education v. State Tenure Commission, 291 Ala. 281, 280 So.2d 130 (1973), has no application to this case.
For the reasons set forth above, the order of the circuit court must be reversed and the order of the Tenure Commission reinstated.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.