THIGPEN, Judge.
This is a teacher tenure case.
Susan Springfield petitioned the trial court for a writ of mandamus and for injunctive relief, seeking to compel the Talladega City Board of Education (Board) to reinstate her to a teaching position. The trial court denied her petition in October 1992, finding that Springfield was not tenured because she was an instructional assistant, not a teacher, during part of the 1988-89 school year. Springfield appeals.
Springfield contends on appeal that her service as an instructional assistant should be included in determining tenure status, and that, regardless of her title, she performed the duties of a professional teacher.
At the outset, we note that the judgment of the trial court, when it receives ore tenus evidence, is presumed to be correct, and it will not be reversed unless it is clearly erroneous. Dickey v. McClammy, 452 So.2d 1315 (Ala.1984).
Springfield, who holds a valid state teaching certificate, testified that she accepted a position as an instructional assistant at Zora Ellis Jr. High School (Ellis) in Talladega, and that her duties began in January 1989. Carter Floyd, who was principal at Ellis when Springfield was hired, testified that instructional assistants were also known as teacher aides and were not required to have teaching certificates. Springfield further testified that she was a regular classroom teacher for the next three school years. In May 1992, Springfield was notified that her contract would not be renewed for the 1992-93 school year.
Springfield contends that the semester she was an instructional assistant should be considered as creditable time for the purpose of obtaining continuing service status (tenure), and, therefore, she argues that she had achieved tenured status. Tenured teachers may be dismissed only in accordance with the procedures set forth in Ala.Code 1975, § 16-24-9.
We find the dispositive issue on appeal to be whether the trial court erred in its determination that Springfield’s service as an instructional assistant should not be credited as earning time towards obtaining tenure.
Ala.Code 1975, § 16-24-2, sets forth the criteria for obtaining continuing service status:
“(a) Any teacher in the public schools who shall meet the following requirements shall attain continuing service status: Such teacher shall have served under contract as a teacher in the same county or city school system for three consecutive school years and shall thereafter be reemployed in such county or city school system the succeeding school year.”
Partial years, as well as full academic years, count toward tenure. Dickey, supra. *706 Therefore, if Springfield’s service as an instructional assistant in 1989 is deemed to be creditable towards achieving tenure, then her tenure rights would have vested before the 1992-93 school year.
Ala.Code 1975, § 16-24-1, states:
“The term ‘teacher,’ as employed in this chapter, is deemed to mean and include all persons regularly certified by the teacher certificating authority of the state of Alabama who may be employed as instructors, principals or supervisors in the public elementary and high schools of the state of Alabama....”
A “teacher” within the meaning of § 16-24-1, must be regularly certified. Bryan v. Alabama State Tenure Commission, 472 So.2d 1052 (Ala.Civ.App.1985). Our supreme court has recognized that the mere fact that a position does not require its holders to have a teacher’s certificate does not deprive that individual from receiving service credit toward tenure. Ex parte Oden, 495 So.2d 664 (Ala.1986). Further, the teacher tenure law is to be construed liberally in favor of teachers, who are its primary beneficiaries. Oden, supra.
Testimony disclosed that as an instructional assistant Springfield performed the duties and functions of a teacher. Although a teaching certificate is not a requirement for an instructional assistant, from the record it appears that because Springfield had one, she was utilized as a teacher, and therefore, should be so classified for the purposes of determining tenure. She testified that as an instructional assistant she taught remedial math classes and exercised discretionary authority over the teaching methods employed, performed bus duty, attended faculty meetings, and paid into the Teacher’s Retirement System. The record also contains the following exchange between Springfield’s attorney and Floyd:
“Q: [Springfield’s attorney] What I want to ask you to tell us is if the judge here went to Ms. Springfield’s room or had gone into her room back in January of 1989 and sat there for a week and watched her teach and handle those students, what would he have ever seen with his eyes or heard with his ears that would have made him know she wasn’t a teacher?
“A: [Springfield’s former principal] Nothing.”
While we recognize that instructional assistants do not qualify as “teachers” within the meaning of § 16-24-1, we conclude that, for the reasons stated, Springfield’s service as an instructional assistant in 1989 should be characterized as that of a “teacher.” For the purpose of clarity, we emphasize that this holding should not be interpreted to mean that instructional assistants qualify as “teachers” within the meaning of Ala.Code 1975, § 16-24-1. It has been consistently recognized that teacher’s aides are governed by the dismissal procedures outlined in Ala. Code 1975, § 36-26-100 et seq. See, e.g., Hardy v. Birmingham Board of Education, 601 So.2d 87 (Ala.Civ.App.1991), rev’d on other grounds; Ex parte Birmingham Board of Education, 601 So.2d 93 (Ala.1992); Milligan v. Albertville City Board of Education, 628 So.2d 625 (Ala.Civ.App.1993).
Our holding that Springfield’s time of service as an instructional assistant qualifies as time serving as a teacher for purposes of earning tenure is based on three factors: she was regularly certified by the State, she performed responsibilities, duties, and activities which were essentially similar to what teachers did, and she exercised a great deal of discretion in her teaching methods.
Accordingly, the trial court improperly denied Springfield’s petition for a writ of mandamus. Therefore, the judgment is reversed and the cause remanded to the trial court, with instructions to enter a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.