Ann D. Lawrence appeals from the denial of her petition for a writ of mandamus directed to the Birmingham Board of Education. In that petition, she sought a determination by the circuit court that the Board's decision to terminate her employment was not in compliance with Ala. Code 1975, § 16-24-9, a part of the Alabama Teacher Tenure Act. Section 16-24-9
governs the procedure for canceling the contract of a tenured teacher.
During the 1990-91 school year, Ms. Lawrence served as a substitute teacher. In August 1991, she signed a contract and then taught for the school years 1991-92, 1992-93, and 1993-94. She received a notice of nonrenewal, before the school year ended on May 27, 1994.
In order to attain continuing service status (tenure), a teacher in the public schools "shall have served under contract as a teacher . . . for three consecutive school years and shall thereafter be reemployed . . . the succeeding school year." Ala. Code 1975, § 16-24-2. Ms. Lawrence claims that although she did not serve "under contract" during the time that she was employed as a substitute teacher, she should have had that time counted toward the acquisition of tenure because (1) she was a certified teacher; (2) she was paid the same salary as a beginning teacher under contract; and (3) she was a long-term substitute teacher who was present for the whole school term and who performed all the duties of a regular teacher under contract.
The circuit court held that Ms. Lawrence's time as a substitute teacher did not apply toward the acquisition of tenure, that she was not a tenured teacher, and that she was not, therefore, entitled to the procedural rights outlined in § 16-24-9. We agree.
The trial court entered the following findings of fact and conclusions of law:
"Findings of Fact
 "1. Lawrence was hired as a substitute teacher at Huffman High School during the 1990-91 school year. She did not have a contract with the Board, but rather served as a substitute teacher for two other teachers.
 "2. Lawrence was hired as a regular full-time chemistry teacher for the years 1991-92, 1992-93, and 1993-94. She was a probationary teacher during this period.
 "3. On May 26, 1994 Lawrence was notified by the superintendent that her contract as a teacher would not be renewed for the 1994-95 school year. Her last date of employment with the Board of Education was May 27, 1994.
 "4. Neither the Superintendent's May 25, 1994 letter to Lawrence nor the Board minutes approving Lawrence's nonrenewal stated any reasons for the nonrenewal.
"Conclusions of Law
 "1. The Court finds that Lawrence was not a 'regular' teacher under the Alabama Teacher Tenure Act, [that] is, a teacher employed under contract. § 16-24-2(a) Ala. Code (1975). By contrast, Lawrence was not under contract during this period but rather was a 'substitute' teacher, i.e., a teacher not under contract serving in place of a regular teacher out on sick, maternity or other leave.
 "2. Lawrence's service as a substitute teacher cannot be counted toward tenure. Ex parte Hayes, 405 So.2d 366 (Ala. 1981). Under the Teacher Tenure Act, only teachers who are under contract for three consecutive years acquire continuing service status or tenure. James v. Board of School Commissioners of Mobile County, 484 F. Supp. 705 (S.D.Ala. 1979).
 "3. The three-year probationary period cannot be lengthened or waived by the *Page 912 
teacher or the school board; once three consecutive years of service have been rendered, the teacher is to be either terminated or reemployed, thus gaining tenure. Haas v. Madison County Board of Education, 380 So.2d 873
(Ala.Civ.App. 1980). Non-tenured or probationary teachers do not have the right to be reemployed. Bell v. Board of School Commissioners of Mobile County,450 F. Supp. 162 (S.D.Ala. 1978). Because Lawrence was [a] probationary teacher under contract for only three years as of May 1994, the Board had the right to terminate her.
 "4. Probationary teachers such as Lawrence, as opposed to tenured teachers, are not entitled to procedural and due process protections such as the right to a hearing before their contracts are nonrenewed. Foster v. Blount County Board of Education, 340 So.2d 751 (Ala. 1976); Hammond v. Bailey, 394 So.2d 25 (Ala.Civ.App. 1980).
 "5. Moreover, because there is no evidence that the Board's nonrenewal of Lawrence's contract stigmatized her or damages some property right, no additional process was due. Foster v. Blount County Board of Education, supra, 340 So.2d at 752.
 "6. For the above reasons, Lawrence has no clear legal right to the relief sought. Ex parte TranSouth Financial Corp., 608 So.2d 385 (Ala. 1992)."
The trial court's findings and conclusions are fully supported by the record and are dispositive of this case. The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES, and MONROE, JJ., concur.