Brandi Hare WALKER, Plaintiff,

v.

ELMORE COUNTY BOARD OF
EDUCATION, Defendant.

No. CIV.A. 01–T–067–N.

United States District Court,
M.D. Alabama,
Northern Division.

Sept. 24, 2002.

David B. Bryne, III, Beasley, Allen, Crow, Methvin, Portis & Miles, PC, Montgomery, AL, George Lamar Beck, Jr., Gregory M. Biggs, Terrie Scott Biggs, Montgomery, AL, Brenton L. Dean, Walton Law Firm PC, Auburn, AL, for Plaintiff.

G. Houston Howard, II, Howard, Dunn, Howard & Howard, Wetumpka, Al, for Defendant.

## OPINION

### MYRON H. THOMPSON, District Judge.

In this lawsuit, plaintiff Brandi Hare Walker charges that defendant Elmore County Board of Education violated her rights under the Family and Medical Leave Act, 29 U.S.C.A. §§ 2601–2654, frequently referred to as the FMLA. Jurisdiction is proper under 29 U.S.C.A. § 2617(2). This case is now before the court on the school board's motion to dismiss and alternative motion for summary judgment. For the reasons stated below, the dismissal motion will be denied and the summary-judgment motion granted.[1]

### I. BACKGROUND

Walker was hired by the Elmore County Board of Education as a non-tenured third-grade teacher on August 9, 1999. Although her contract was not approved until August 30, and her contract was not signed until September 8, her formal start date, noted on her contract, was August 9, 1999.

In early December 1999, she informed her school principal that she was pregnant. In early April 2000, she again brought her pregnancy to the attention of the school principal. The principal responded that she would not discuss Walker's employment status or maternity leave because Walker was a non-tenured employee. The principal stated that there would be a meeting of the school board sometime later in the spring to discuss re-employment of non-tenured staff. The principal did ask about Walker's due date, and Walker told her she was due on August 2, 2000. The principal wrote this information on a piece of paper. Walker orally requested maternity leave from the principal Dixon, but never received a response or confirmation that she was eligible for FMLA leave.

On or about May 12, 2000, the school principal informed Walker that she would not be re-hired. Later, the principal informed Walker that she would be replaced. Around May 17, Walker was served with a letter confirming her termination. Walker gave birth on July 27. Although Walker's teaching contract was not renewed, she continued to receive paychecks and health benefits through the end of August 2000.

### II. DISCUSSION

#### A. Motion to Dismiss

Because the court is considering evidence outside Walker's complaint, the court will deny the school board's dismissal motion and consider only its alternative summary-judgment motion.

#### B. Summary–Judgment Motion

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Once the party seeking summary judgment has informed

---

1. Walker also sued her principal and superintendent. By order entered on April 27, 2001 (doc. no. 10), in response to their dismissal motion and summary-judgment motion, they were dismissed. The April 27 order, however er, reserved ruling on whether the school board was entitled to summary judgment or dismissal under the two motions. The order entered today now addresses the motions as to school board.

the court of the basis for its motion, the burden shifts to the nonmoving party to demonstrate why summary judgment would be inappropriate. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *see also Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1115–17 (11th Cir.1993). In making a determination, the court must view all the evidence and any factual inferences in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

The party seeking summary judgment has the initial burden of informing the court of the basis for the motion and of establishing, based on relevant "portions of 'the pleadings, depositions, answers to interrogatories, and admissions in the file, together with affidavits, if any,'" that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553. Once this initial demonstration under Rule 56(c) is made, the burden of production, not persuasion, shifts to the nonmoving party. The nonmoving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. at 2553; *see also* Fed.R.Civ.P. 56(e).

The FMLA and the regulations promulgated to enforce it provide "for two types of broad protections to employees. The first protections … confer new and affirmative entitlements and thus are essentially *prescriptive.*" *Peters v. Community Action Committee, Inc.* 977 F.Supp. 1428, 1432 (M.D.Ala.1997). For example, "[s]ubsection (a)(1) of § 2612 provides, in part, that 'an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12–month period … [b]ecause of the birth of a son or daughter of the employee and in order to care for the son or daughter.'" *Id.* "The second FMLA protections … bar certain discriminatory conduct and thus are essentially *proscriptive.*" *Id.* Thus, for example, "[a]n employer is prohibited from discriminating against employees or prospective employees who have used FMLA leave." 29 C.F.R. § 825.220(c). Walker asserts both prescriptive and proscriptive claims.

■ *Prescriptive Claim:* Walker claims that, because she received paychecks and health care benefits for twelve months, she was eligible for FMLA leave benefits. The court does not agree.

The FMLA defines an eligible employee as an employee who has been employed "(i) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and (ii) for at least 1,250 hours of service with such employer during the previous 12–month period." 29 U.S.C.A. § 2611(2)(A). Walker claims she was an FMLA-eligible employee because she was on Elmore County's payroll for a year. Specifically, she claims that, because her start date was August 9, 1999, and her final paycheck was dated August 30, 2000, and that she received health benefits until August 30, 2000, she was an eligible employee. The school board responds that Walker was not an eligible employee at the time her leave would have commenced because she had not worked 52 weeks, and asserts that she worked only the approximately nine months that cover a school year.

In addition, the court notes that Walker was a probationary, not a tenured, teacher. In Alabama, a teacher becomes tenured when she has served under contract for three consecutive school years. 1975 Ala. Code § 16–24–2; *Lawrence v. Birmingham Bd. of Ed.,* 669 So.2d 910, 911 (Ala. Civ.App.1995). "Non-tenured or proba-

tionary teachers do not have the right to be reemployed." *Id.* at 912. In accordance with state law, Walker's employment contract specified that her "employment shall not constitute a contract beyond this one school year." The contract further specified that it was for "182 days." The school session was 182 days. The school board's policy concerning payroll stated that teacher's "salaries are earned in nine (9) months, but are distributed over twelve (12) months." The school board's sick leave policy, however, defined the "scholastic year" as July 1 through June 30. In addition, the parties do not dispute that Walker received health care benefits and paychecks through August 2000.

These facts are insufficient, as a matter to law, to support Walker's prescriptive claim. Even if Walker ultimately was employed for twelve months (assuming as she alleges that her start date was August 9, 1999), the denial of her FMLA leave clearly took place well before she had been employed for twelve months: either in May 2000, when her contract was not renewed; in July 2000, when she delivered her child; or on August 2, 2002, the due-date she gave her school principal. Each of these dates occurred before Walker had worked twelve months. As such, she was not an eligible employee and therefore she has no prescriptive claim.

Walker argues that she was entitled to six days of sick leave that she would have been able to use if she had not been terminated. But the sick leave would not have made any difference. Whether she did or did not take sick leave does not detract from the fact that, at the time she had her baby or was scheduled to have her baby, she was not an FMLA eligible employee entitled to FMLA leave.

Walker attempts to work around the absence of twelve-month's employment by arguing that she is covered by 29 C.F.R. § 825.111(b), which states that, "For pur-

poses of determining whether intermittent/occasional/casual employment qualifies as "at least 12 months, 52 weeks is deemed to be equal to 12 months." Yet this regulation does not help Walker. By the plain language of this regulation, it applies the 52–week safe harbor to intermittent, occasional, or casual employees, which Walker was not. And again, and more importantly, at the time she had her baby or was scheduled to have her baby, she had not worked for 52 weeks and thus was not an FMLA eligible employee entitled to FMLA leave.

*Proscriptive claim.* As stated, in addition to prescriptive claims, the FMLA allows proscriptive claims and prohibits an employer "from discriminating against employees or prospective employees who have used FMLA leave." 29 C.F.R. § 825.220(c). The court must therefore address separately whether Walker's claim that she was not offered a contract for the 2000–2001 school year in retaliation for her request for FMLA leave warrants a trial.

■ A number of federal courts that have considered the issue have found that there can be no retaliation under the FMLA unless and until an employee becomes eligible under the FMLA. In *Coleman v. Prudential Relocation,* 975 F.Supp. 234 (W.D.N.Y.1997), the court found that the plaintiff could not sustain a retaliation charge because he was not an eligible employee at the time he engaged in protected activity. The plaintiff was employed on December 6, 1993, and terminated in January 1995. He had taken leave during his first year of employment to take care of his parents. At the time he was terminated, the plaintiff *was* an eligible employee because he had worked for twelve months. The decision to terminate the plaintiff, however, was made in November, well before the plaintiff was an eligible employee.

On these facts, the court found that there could be no FMLA retaliation claim. *Prudential Relocation,* 975 F.Supp. at 245. The court explained that, while the plaintiff was a protected employee in January 1995, "what he was protected *from* was being retaliated against for having engaged in *protected* activity." *Id.* But since the plaintiff began his employment on December 6, 1993, "he could not have engaged in activity protected by the FMLA until December 6, 1994 at the earliest." *Id.* In other words, according to *Prudential,* any action taken by an employee before becoming an eligible employee cannot be protected activity under the FMLA.

Many district courts have followed the logic used in *Prudential Relocation. See Morehardt v. Spirit Airlines, Inc.,* 174 F.Supp.2d 1272, 1280 n. 43 (M.D.Fla.2001) (collecting cases). In Morehardt, the plaintiff claimed that, although she was not eligible for FMLA benefits, she still had a viable FMLA claim. The court began its analysis with the text of 29 U.S.C.A. § 2615(a)(1), which states that, "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." The court then noted that it was undisputed that the plaintiff had not worked the required 1,250 hours required for FMLA eligibility. *Id.* at 1279. After noting there was no circuit case directly on point and after discussing several district court cases from around the country, the *Morehardt* court found that "if an employee fails to show that he was eligible under the FMLA he cannot show, as a matter of law, that he was engaging in protected activity." Id. Since Walker was not an eligible employee, she would not, under the logic of these decisions, have any retaliation claim.

Only one case, *Dormeyer v. Comerica Bank–Illinois,* 1998 WL 729591 * 6 n. 5 (N.D.Ill.1998), *aff'd on other grounds,* 223 F.3d 579 (7th Cir.2000), has held to the contrary. The *Dormeyer* court noted that its position was contrary to the position taken by other trial courts, but without analysis stated that it "did not agree" with these other courts. The court went on to find that the retaliation claim was meritless on the facts.

This court agrees with *Dormeyer* to a limited extent, that is, the court rejects *Prudential Relocation* and *Morehardt*'s sweeping suggestion that any action taken by an employee before becoming an eligible employee cannot be protected activity under the FMLA; in other words, while not all actions taken by an employee before achieving eligibility are FMLA protected, some actions may be. The court offers the following reasons.

Retaliation claims under the FMLA are covered by 29 U.S.C.A. § 2615(a)(1), which provides that, "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." Importantly, this proscriptive section does *not* say that employees must be "eligible" before they may file a retaliation claim. This is in sharp contrast to the prescriptive provision in 29 U.S.C.A § 2612, which states that only "eligible" employees are entitled to FMLA leave. It is also important to note that the FMLA protects the "attempt" to exercise a right; thus § 2615 can protect someone who mistakenly asks for FMLA leave although they are ineligible.

Also, the FMLA implementing regulations make it clear that one need not be an eligible employee to suffer retaliation under the FMLA: "An employer is prohibited from discriminating against employees or *prospective employees* who have used FMLA leave. For example ... employers cannot use the taking of FMLA leave as a negative factor in employment actions,

such as *hiring,* promotions or disciplinary actions . . . ." 29 C.F.R. § 825.220(c) (emphasis added). Thus, a prospective employee, who is by definition not yet eligible for FMLA leave, would still be protected by the FMLA.

The regulations are also consistent with the statute. The FMLA requires employees to give notice to employers of leave requirements whenever possible. 29 U.S.C.A. § 2612(e)(1) (employee must give 30 days notice if leave is foreseeable). If courts were to read the FMLA to allow employers to dismiss ineligible employees who give advance notice of their need for FMLA leave, it would open a large loophole in the law and undermine the plain language and the purpose of the notice requirement in § 2612(e)(1). *See, e.g., Harry v. Marchant,* 291 F.3d 767, 771 (11th Cir.2002) (in construing a statute, courts must give meaning to all the words in a statute). And, if employers were not bound by the FMLA before the employee is eligible, then the employee should not be required to give the employer any notice, undermining the clear intent of Congress as expressed in the language and structure of the FMLA. *See id.* at 772 (courts follow the unambiguous language of statutes). Thus, where the employee, *before* she becomes eligible for FMLA, is putting the employer on notice of her intent to take FMLA leave *after* she becomes eligible for FMLA coverage, logic requires that the FMLA be read to require that the employee be permitted to make a retaliation charge against the employer for an adverse-employment action.

This can be demonstrated by a hypothetical situation. Imagine an employee who starts work on January 1 of Year X. If the employee were to discover on December 30 of Year X that she would require leave the following January 25, 29 U.S.C.A. § 2612(e)(1) requires the employee to give her employer 30 days notice of her intent to take FMLA leave. On the date the employee would require leave she would be FMLA-eligible. It would be absurd to interpret the FMLA to allow the employer in this situation to retaliate against the employee, although the employee is clearly not covered by the FMLA on December 30.

This construction of the statute accords with basic rules of statutory interpretation. Courts will interpret statutes to avoid absurd results. *Lewis v. Barnhart,* 285 F.3d 1329, 1331 (11th.Cir.2002). It is clear from the text and context of the notice clause, 29 U.S.C.A. § 2612(e)(1), that Congress intended to help and protect employers by insuring adequate notice of extended absences by employees. *See* 29 U.S.C.A. § 2601(b)(3) (FMLA designed to accomplish its purposes "in a manner that accommodates the legitimate interests of employers"). It would be illogical to interpret the notice requirement in a way that requires employees to disclose requests for leave which would, in turn, expose them to retaliation for which they have no remedy. The court therefore concludes that some retaliation claims by an employee not yet eligible for FMLA leave may be covered by the FMLA.

■ Walker's situation is analogous to that of a prospective employee; as a non-tenured teacher, she had no expectation of future employment. The school district might, or might not, re-hire her for the following school year. And while a non-tenured teacher can be dismissed without explanation, it would have been illegal for Elmore County Board of Education to have refused to hire Walker merely because of a prior oral request for FMLA leave. 29 U.S.C.A § 2615(a)(1). It would thus have been a violation of the FMLA for school board to retaliate against Walker as a prospective employee because she had merely requested FMLA leave.

Moreover, although Walker was not an eligible employee when she delivered her child, and would not have been an eligible employee even if she had delivered on her anticipated delivery date, almost all of her leave would have taken place during her FMLA-eligibility period. By the clear language of the FMLA, Walker was required to give notice to the school board of her impending need for FMLA *before* she was an eligible employee. As such, it would be both unjust and contrary to the structure of the FMLA to prohibit a person in Walker's position from pursuing a retaliation claim.

However, while the court finds that it would have been a violation of the FMLA to discriminate or retaliate against Walker for her mistaken request to take FMLA leave, the question still remains as to whether there is colorable evidence that the school board did so.

In deciding summary-judgment on an FMLA proscriptive claim charging either discrimination, retaliation, or both, the court is guided by the burden-shifting framework developed in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973). *See Brungart v. BellSouth Telecomm., Inc.,* 231 F.3d 791, 798 (11th Cir. 2000). Under the *McDonnell Douglas* analysis, when the plaintiff charges retaliation, as Walker does here, the plaintiff bears the initial burden of proving a *prima facie* case, which is established by showing "(1) [s]he availed [her]self of a protected right under the FMLA; (2)[s]he suffered an adverse employment decision; (3) there is a causal connection between the protected activity and the adverse employment decision." *Parris v. Miami Herald Publishing Co.,* 216 F.3d 1298, 1301 (11th Cir. 2000).

If the employee establishes a prima facie case, the burden then shifts to the employer to rebut the presumption by producing sufficient evidence to raise a genuine issue of fact as to whether the employer retaliated against the employee. This may be done by the employer articulating a legitimate, non-retaliatory reason for the employment decision, which is clear, reasonably specific, and worthy of credence. The employer has a burden of production, not of persuasion, and thus does not have to persuade a court that it was actually motivated by the reason advanced. *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. at 1824; *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 253–55, 258, 101 S.Ct. 1089, 1093–94, 1096, 67 L.Ed.2d 207 (1981). "If the trier of fact finds that the elements of the prima facie case are supported by a preponderance of the evidence and the employer remains silent, the court must enter judgment for the plaintiff." *O'Connor v. Consolidated Coin Caterers Corp.,* 517 U.S. 308, 311, 116 S.Ct. 1307, 1309, 134 L.Ed.2d 433 (1996).

Once the employer satisfies this burden of production, the employee then has the burden of persuading the court that the proffered reason for the employment decision is a pretext for retaliation. The employee may satisfy this burden either directly, by persuading the court that a retaliatory reason more than likely motivated the employer, or indirectly, by persuading the court that the proffered reason for the employment decision is not worthy of belief. By so persuading the court, the employee satisfies her ultimate burden of demonstrating by a preponderance of the evidence that she has been the victim of unlawful retaliation. *Burdine,* 450 U.S. at 256, 101 S.Ct. at 1095.

Moreover, where a claim of FMLA retaliation is based on relative qualifications, " 'disparities in qualifications are not enough in and of themselves to demonstrate [retaliatory] intent unless those disparities are so apparent as virtually to

jump off the page and slap you in the face.'" *Cofield v. Goldkist, Inc.*, 267 F.3d 1264, 1268 (11th Cir.2001) (quoting *Deines v. Texas Dept. of Protective and Regulatory Servs.*, 164 F.3d 277, 280 (5th Cir.1999)). The Eleventh Circuit Court of Appeals requires this rigorous standard because "federal courts 'do not sit as a super-personnel department that reexamines an entity's business decisions.'" *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir.2000) (en banc) (quoting *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir.1991)).

■ As discussed above, Walker availed herself of a protected right under the FMLA, and the court will assume that she has met the other prima-facie-case requirements. The sole question therefore is whether she has shown that the school board's reasons for her non-renewal are a pretext for retaliation. The school board maintains that her contract was not renewed for seven reasons: (1) she did not maintain a proper relationship with parents; (2) she did not establish and maintain a proper relationship with children in her class, especially when disciplining them; (3) she did not maintain her bulletin board properly; (4) she did not timely submit data requested by her principal;

(5) she did not maintain proper classroom control; (6) she referred students to the office about matters that she could and should have resolved in her classroom; and (7) her principal did not believe she would be a satisfactory teacher. Walker has failed to come forward with sufficient evidence that these reasons are pretextual.

■ Walker has simply shown that, during her year with the Elmore County School System, on a scale from 1 (unsatisfactory) to 4 (excellence), she received mainly 3s with a very small smattering of 2s and 4s here and there. She also attempts to explain away some of the school board's reasons; for example, she contends that the board's student-referrals-to-the-office complaint "involved repeated multiple offenses by only a few students."[2] This evidence is inadequate to rebut the school board's reasons that it wanted someone who was more than average and who was thus not deficient in the areas articulated.[3] To accept Walker's explanations over the school board's reasons, the court would impermissibly be sitting as nothing more than "'a super-personnel department that reexamines an entity's business decisions.'" *Chapman*, 229 F.3d at 1030 (quoting *Elrod*, 939 F.2d at 1470). Walker's evidence is insufficient for a reasonable factfinder to leap to the conclusion

---

**2.** Plaintiff's brief filed on April 10, 2002 (doc. No.48), at 4.

**3.** Walker also contends that the following constitutes direct evidence of her school principal's intent to retaliate:

"When Walker indicated a need for a half-day off to see a doctor, without previously saying any thing about expecting a child, [her principal] immediately brought up the issue of a possible pregnancy. Later, when Walker confirmed she was pregnant, [her principal] refused to discuss maternity leave with Walker, a non-tenured teacher. [The principal] documented the due date for Walker and instructed Walker to wait until the end of the school year before she gave notice of a desire to seek maternity leave. [The principal] also gave advice as to where Walker could get employment with better timing in relation to her due date, after [the principal] had terminated Walker."

Plaintiff's brief filed on April 10, 2002 (doc. no. 48), at 5. This evidence does not constitute direct evidence, *see Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998) (direct evidence is "evidence that establishes the existence of discriminatory intent behind the employment decision without any inference or presumption"), nor does it constitute adequate circumstantial evidence of such intent.

that she has been a victim of FMLA retaliation.

An appropriate judgment will be entered.