THOMPSON, Presiding Judge.
Dana B. Dees appeals from a summary judgment entered by the Mobile Circuit Court in favor of the Board of School Commissioners of Mobile County (“the Board”) and Roy D. Nichols, in his official capacity as Superintendent of the Mobile County Public School System. For the reasons set forth herein, we reverse the summary judgment.
. Considered in the light most favorable to Dees, see Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990), the record reveals the following pertinent facts. In January 2006, the Board hired Dees to replace a teacher who had retired after the.conclusion of the first semester of the 2005-2006 school year. Dees was classified as a “substitute teacher” and was compensated at a rate of $65 per day. On March 28, 2006, she was reclassified as a “Category II Substitute” and began being compensated at a rate of $120 per day. A “Category. II Substitute” is an individual who serves as a substitute teacher in the Mobile County school system for more than 20 days. Category II Substitutes are required to hold, a valid Alabama teaching certificate. The record does not reflect whether Dees entered into a contract with the Board at any point during the 2005-2006 school year. Dees performed the duties and functions of a regular teacher during that period of employment.
The Board hired Dees as a fifth-grade teacher for the 2006-2007 school year and as a kindergarten teacher for the 2007-2008 school year.
The Board did not hire Dees at the beginning of the 2008-2009 school year. However, on October 20, 2008, she was hired as a fifth-grade teacher to fill a vacancy, and she remained throughout the 2008-2009 school year. She again was titled a Category II Substitute, and she was compensated accordingly. During this period, Dees performed all the duties and functions of a regular teacher. The record does not reflect whether Dees entered into *783 a contract with the Board during the 2008-2009 school year.
On May 12, 2009, Dees filed an action against the Board and Nichols. She alleged that, based on her service, she had obtained “continuing-service status,” or tenure. In spite of this, she asserted, during the 2008-2009 school year she had been paid' as a Category II Substitute rather than as a teacher and had not received any of the employment benefits provided to teachers. She alleged that she had requested that the Board and Nichols recognize that she had attained tenure, that they pay her and provide her benefits as a teacher in her fourth year of service, and that they provide her with backpay and benefits from October 20, 2008. She asserted that the Board and Nichols had refused to do so. She sought “appropriate declaratory, mandamus, and injunctive relief’ requiring the defendants to recognize her as a tenured teacher, to pay her and provide her benefits as a teacher in her fourth year of service rather than as a Category II Substitute, and to provide her with backpay and benefits from October 20, 2008. The Board and Nichols filed an answer in which they denied that Dees had become a tenured teacher.
On July 15, 2009, Dees filed a motion for a summary judgment. In her supporting brief, she argued that, although the Board had titled her a “substitute teacher” during her time of service during the'2005-2006 and 2008-2009 school years, she had performed all the duties of a teacher during those times, and, as a result, that those periods of service should have been counted toward the three consecutive years of service necessary to attain tenure. She cited this court’s decision in Springfield v. Talladega City Board of Education, 628 So.2d 704 (Ala.Civ.App.1993), in which this court held that the period during which a teacher held the title “instructional assistant” counted toward the time necessary to attain tenure because, during that time, she had performed the duties and functions of a teacher. 628 So.2d at 706. Dees filed an affidavit in support of her summary-judgment motion.
The Board and Nichols filed a response to Dees’s summary-judgment motion, and, on September 18, 2009, they filed a cross-motion for a summary judgment. They argued that it was without dispute that Dees’s employment during the 2005-2006 and the 2008-2009 school years was as a substitute teacher. They contended that, pursuant to this court’s decision in Lawrence v. Birmingham Board of Education, 669 So.2d 910 (Ala.Civ.App.1995), a teacher’s service as a substitute teacher does not count toward the three years of service necessary to attain tenure.
After the trial court held oral argument on the cross-motions for a summary judgment, the parties submitted additional briefs and materials in support of their respective motions. In particular, Dees filed a supplemental affidavit in which she described, in substantial detail, all the duties she had had and all the work she had performed during the 2005-2006 and 2008-2009 school years that, according to her testimony, indicated that she had worked as a regular teacher during those times rather than as a substitute teacher. The Board and Nichols filed a motion to strike Dees’s supplemental affidavit, but the trial court did not rule on that motion.
On March 22, 2010, the trial court granted the Board’s and Nichols’s motion for a summary judgment and denied Dees’s motion. Relying on Lawrence, supra, the trial court held that Dees’s service as a substitute teacher did not count toward attaining tenure, and, as a result, that she had not acquired tenure. Dees appealed to the supreme court, which transferred *784 the appeal to this court for lack of appellate jurisdiction.
The standard by which this court reviews a summary judgment is well settled:
“ ‘ “To grant such a motion, the trial court must determine that the evidence does not create a genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. When the movant makes a prima facie showing that those two conditions are satisfied, the burden shifts to the non-movant to present ‘substantial evidence’ creating a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989); § 12-21-12(d)[,] Ala.Code 1975. Evidence is ‘substantial’ if it is of ‘such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assur. Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
“ ‘ “In our review of a summary judgment, we apply the same standard as the trial court. Ex parte Lumpkin, 702 So.2d 462, 465 (Ala.1997). Our review is subject to the caveat that we must review the record in a light most favorable to the non-movant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).” ’
“Payton v. Monsanto Co., 801 So.2d 829, 832-33 (Ala.2001) (quoting Ex parte Alfa Mut. Gen. Ins. Co., 742 So.2d 182, 184 (Ala.1999)).”
Maciasz v. Fireman’s Fund Ins. Co., 988 So.2d 991, 994-95 (Ala.2008).
Dees contends, among other things, that the trial court erred when it concluded that the time she served as a Category II Substitute could not be credited toward the service time necessary to attain tenure. She argues that, although the Board gave her the title of “Category II Substitute,” she was, in actuality, a regular teacher performing the tasks a regular teacher, rather than a substitute teacher, would perform. Thus, she argues, she has served as a teacher for the time necessary to attain tenure.
The teacher-tenure law is set out at Chapter 24 of Title 16 of the Alabama Code. Section 16-24-2(a) provides:
“Any teacher in the public schools who shall meet the following requirements shall attain continuing service status [ (tenure) ]: Such teacher shall have served under contract as a teacher in the same county or city school system for three consecutive school years and shall thereafter be reemployed in such county or city school system the succeeding school year.”
The basis of the Board’s and Nichols’s summary-judgment motion was that time served as a “substitute teacher” does not count toward the three consecutive years of service necessary for a teacher to attain tenure. In entering a summary judgment in favor of the Board and Nichols on the basis of that argument, the trial court relied on this court’s decision in Lawrence.
In Lawrence, a teacher had served as a substitute teacher during the 1990-1991 school year and then, under contract, had taught at the school for the next three school years. Before the third school year ended, the teacher received a notice that her contract would not be renewed for the following school year. She filed an action against the board of education, arguing that her year spent as a substitute teacher counted toward attaining tenure and, as a result, that she had become tenured once she began teaching the third of the three *785 years that she taught under contract. She argued that, during the year she taught as a substitute teacher, she was a certified teacher, she was paid the same salary as a beginning teacher under contract, she was a long-term substitute teacher who was present for the whole school year, and she performed all the duties of a regular teacher under contract. Thus, she contended, the termination of her employment violated the statutory protections to which she was entitled under the teacher-tenure law. The board disagreed, arguing that the year the teacher had served as a substitute did not count toward her attaining tenure.
The trial court in Lawrence agreed with the school board and held that the year the teacher taught as a substitute teacher did not count toward attaining tenure. In pertinent part, the trial court wrote:
“ T. The Court finds that [the teacher] was not a “regular” teacher under the Alabama Teacher Tenure Act, [that] is, a teacher employed under contract. § 16-24-2(a), Ala.Code (1975). By contrast, [the teacher] was not under contract during this period but rather was a “substitute” teacher, i.e., a teacher not under contract serving in place of a regular teacher out on sick, maternity or other leave.
“ ‘2. [The teacher]’s service as a substitute teacher cannot be counted toward tenure. Ex parte Hayes, 405 So.2d 366 (Ala.1981). Under the Teacher Tenure Act, only teachers who are under contract for three consecutive years acquire continuing service .status or tenure. James v. Board of School Commissioners of Mobile County, 484 F.Supp. 705 (S.D.Ala.1979).’”
Laivrence, 669 So.2d at 911. This court held that the trial court’s findings and conclusions were fully supported by the record, and it affirmed the trial court’s judgment in favor of the board of education.
In Lawrence, it was undisputed that the teacher, during the year she served as a substitute teacher, was not “under contract” as required by § 16-24-2(a), and it was the failure of the teacher to be under a contract that caused the trial court to conclude that her year of service as a substitute teacher did not count toward the three years of service necessary for attaining tenure. We do not read Lawrence as holding that a year a teacher serves under the title “substitute teacher” cannot count toward attaining tenure simply because of the teacher’s title.
Our conclusion in this regard is supported by this court’s decision in Springfield, supra, on which Dees relies. In Springfield,, the teacher accepted a position in January of the 1988-1989 school year as an “instructional assistant,” or a teacher’s aide. She served as a regular classroom teacher for the next three school years. Before the end of the 1992-1993 school year, she was informed that her contract would not be renewed for the following school year. She sued the school board, arguing that she had attained tenure and, as a result, that her employment had been terminated improperly. After the trial court denied her claim for reinstatement, she appealed to this court.
-On appeal, the teacher contended that the semester she spent as an instructional assistant should have counted as the beginning of the three years necessary for attaining tenure, and, as a result, that she had attained tenure before the termination of her employment. She pointed out that, although she was titled an “instructional assistant” during that semester, she had performed all the duties and functions of a regular teacher. This court agreed, concluding that the, teacher’s time spent as an instructional assistant should count toward *786 her attaining tenure. Explaining that conclusion, the court wrote:
“Our holding that [the teacherj’s time of service as an instructional assistant qualifies as time serving as a teacher for purposes of earning tenure is based on three factors: she was regularly certified by the State, she performed responsibilities, duties, and activities which were essentially similar to what teachers did, and she exercised a great deal of discretion in her teaching methods.”
Springfield, 628 So.2d at 706. Importantly, in Springfield, no question appears to have been raised regarding whether the teacher had been “under contract” during the semester she worked as an instructional assistant.
In the present case, Dees presented substantial evidence indicating that, during her service as a “Category II Substitute,” she performed the duties and functions of a regular teacher. Thus, based on Springfield, we do not consider the sole fact that Dees was classified as a “substitute teacher” to necessarily preclude that service from counting toward the three years of service necessary for her to attain tenure. The trial court erred when it concluded otherwise.
In their appellate brief, the Board and Nichols argue that Dees was not under contract during the times she served as a substitute teacher. However, neither the Board nor Nichols made this argument to the trial court, and, as a result, the burden never shifted to Dees to present evidence indicating that she was, in fact, under contract during those times. See Rector v. Better Houses, Inc., 820 So.2d 75, 80 (Ala.2001). Instead, the Board and Nichols argued only, and the trial court concluded, that a teacher who has been classified as a “substitute teacher” does not accrue time toward attaining tenure. As discussed, we reject that proposition as too broad and not in keeping with this court’s opinions in Lawrence and Springfield.[1]
Based on the foregoing, we conclude that the trial court erred to reversal when it held that Dees’s service under the title “Category II Substitute” could not count toward attaining tenure based simply on the fact of the title. Thus, we reverse the trial court’s summary judgment in favor of *787 the Board and Nichols, and we remand the cause for further proceedings.
REVERSED AND REMANDED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.

. We note that, in Springfield, one of the facts this court found dispositive on the issue pre- ' sented was that the teacher had been certified as a teacher by the State during the time she served as a teacher's aide. In the present case, although there is substantial evidence indicating that, before her first stint as a Category II substitute, Dees had completed all the necessary requirements to obtain her teacher certification from the State and had applied for that certification, it appears that she did not receive her certification until the summer following the 2005-2006 school year. The Board and Nichols did not seek a summary judgment on this basis, however, and, even after the question apparently was raised in oral argument on the cross-motions for a summary judgment, the Board and Nichols filed a supplemental brief in which they stated that the question whether Dees was certified as a teacher during the 2005-2006 school year was not "the important fact to be considered by [the trial] court.” Although, as a general rule, this court can affirm a trial court’s judgment on any valid legal ground, that general rule fails in application with regard to a summary judgment when the ground is based on a lack of evidence as to a particular element of a claim, and the moving party did not assert such a lack of evidence in support of its summary-judgment motion. See Liberty Nat’l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C., 881 So.2d 1013, 1020 (Ala.2003). In the present case, because the Board and Nichols did not seek a summary judgment on the question whether Dees was certified as a teacher during the 2005-2006 school year, and because we are not convinced that all the factual issues bearing on that question have been resolved, we will not affirm the trial court’s judgment on that basis.